ORIGINAL

# In the United States Court of Federal Claims

No. 15-959C
(Filed October 27, 2016)

FILED
OCT 27 2016
U.S. COURT OF
FEDERAL CLAIMS

```
*****************************************
                                        *
CAREY L. JOHNSON,                       *
                                        *
            Plaintiff,                  *
                                        *
     v.                                 *
                                        *
THE UNITED STATES,                      *
                                        *
            Defendant.                  *
                                        *
*****************************************
```

## OPINION & ORDER

In this action, Plaintiff Carey LeVonne Johnson, acting *pro se*, seeks to overturn a decision by the Board of Corrections for Naval Records ("BCNR") denying plaintiff's petition for correction of military records, medical retirement, and back pay. Defendant United States ("the Government") moves to dismiss Plaintiff's complaint on grounds that Plaintiff failed to bring his claim within the permissible time-frame, or in the alternative, seeks judgment on the administrative record.[1] For the reasons set forth below, the Government's motion to dismiss is hereby GRANTED.

### I. Background

#### A. Military Service and Military Board Reviews

Plaintiff Carey L. Johnson is a veteran of the United States Marine Corps, who served from June 1995 to December 1997. AR Vol II at 1 § 12. On September 12, 1997, the United States Navy convened a Medical Evaluation Board (MEB) and diagnosed Plaintiff with scoliosis and "nonradicular back pain of mechanical nature." *Id.* at 17-19. The MEB referred Plaintiff's case to the Physical Examination Board (PEB). *Id.* at 17, 20. Thereafter, a flight surgeon performed a medical evaluation and concurred with the MEB's diagnoses of scoliosis and chronic back pain. *Id.* at 34-35. The physician also

---

[1] The two-volume administrative record ("AR") filed under seal on March 22, 2016 contains Plaintiff's BCNR file ("AR Vol I") and Plaintiff's personnel file ("AR Vol II").

1

7014 1200 0000 9093 9621

indicated that Plaintiff's psychiatric clinical evaluation was "normal." *Id.* at 34. On November 10, 1997, an informal PEB found Plaintiff unfit for duty with a 10% disability rating, assigned for Plaintiff's back pain but not scoliosis. AR Vol I at 12 §§ 8, 11. The PEB recommended separation with severance pay. *Id.* at 12 § 9. Plaintiff accepted the findings and waived all rights to a formal hearing. *Id.* at 14-15. On December 23, 1997, Plaintiff was honorably discharged with severance pay. AR Vol II at 1. In the final two months of service, Plaintiff received three nonjudicial punishments (NPJs) and was reduced two pay grades. AR Vol I at 4.

On February 14, 2014, sixteen years after his discharge, Plaintiff filed an application with the Board of Corrections for Naval Records (BCNR) alleging an undiagnosed bipolar disorder while in service. AR Vol I at 66-73. In support, Plaintiff presented a 2011 medical opinion stating that Plaintiff suffered from bipolar disorder while in service and an April 2012 Department of Veterans Affairs (VA) Mental Disorders Disability Benefits Questionnaire. *Id.* The BCNR denied Plaintiff's petition on July 6, 2015, reasoning that the evidence was insufficient to conclude that the bipolar disorder existed fourteen years earlier. *Id.* at 54-56. On July 31, 2015, Plaintiff petitioned the BCNR to reconsider. *Id.* at 42-53. The BCNR solicited an advisory opinion from the Director of the Secretary of the Navy Council of Review Boards (CORB), which was rendered on November 18, 2015. *Id.* at 9-22, 23. The CORB agreed with the BCNR's denial, finding insufficient evidence to support Plaintiff's assertion. *Id.* at 9-22. On December 23, 2015, Plaintiff filed a response, arguing that the BCNR should disregard the CORB opinion. *Id.* at 4-6. The BCNR reviewed Plaintiff's case again on January 7, 2016, but similarly found the evidence insufficient and rejected Plaintiff's request to disregard the CORB opinion. *Id.* at 1-3. The BCNR reasoned that fourteen years was too distant in time to accurately diagnose bipolar disorder and Plaintiff's successful completion of undergraduate study in 2004 suggested that he was not suffering from bipolar disorder when he was discharged in 1997. *Id.* at 1-2.

B. Present Action

On August 31, 2015, Plaintiff, acting *pro se*, filed his complaint in the Court of Federal Claims. Plaintiff seeks to reopen and challenge his 1997 honorable discharge from the U.S. Marine Corps based on a 10% disability for back pain, in order to obtain full disability retirement based on service-connected bipolar disorder, back pay, and correction of his records. Specifically, the Plaintiff asks the Court to: (1) correct his discharge to reflect medical retirement based on bipolar disorder with a 100% disability rating; (2) award full disability retirement benefits retroactive to discharge; (3) remove the offenses and punishments from his record; (4) reinstate him to the rank of Lance Corporal (E-3); and (5) award back pay associated with reinstatement. *See* Compl. 1.

On May 12, 2016, the Government filed a Motion to Dismiss or, Alternatively, For Judgment on the Administrative Record ("Def. Mot."). The Government moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), arguing the six-year statute of limitations set forth in 28 U.S.C. § 2501, has expired. Alternatively, the Government

2

argues that it is entitled to judgment on the administrative record "because the board's denial of Mr. Johnson's claims . . . is supported by substantial evidence." Def. Mot. at 2.

On September 2, 2016, Plaintiff filed a Motion to Supplement the Record, and a Motion to Expand Time. In his Motion to Supplement the Record, Plaintiff seeks to introduce: (1) a Board of Veterans Appeals' decision dated March 9, 2016, finding an in service connection for his bipolar disorder; and (2) a Department of Veterans Affairs notice dated August, 17, 2016, reflecting Plaintiff's entitlement to a 100% disability rating for his bipolar disorder, effective September 8, 2016. In his Motion to Expand Time, Plaintiff requests the Court to reconsider an earlier ruling and to issue a timely order regarding his Motion to Supplement the Record. On September 19, 2016, the Government filed responses, opposing the Motion to Supplement the Record on grounds of relevance, and opposing the Motion to Expand Time.

## II.  Standard of Review

Under the Tucker Act, 28 U.S.C. § 1491, the Court of Federal Claims has jurisdiction to hear military pay claims. The Tucker Act, 28 U.S.C. § 1491, "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States . . . ." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) (citations omitted). Further, every claim within the jurisdiction of the United States Court of Federal Claims is subject to the statute of limitations set forth in 28 U.S.C. § 2501, which is "an express limitation on the Tucker Act's waiver of sovereign immunity." *Hart v. United States*, 910 F.2d 815, 818–19 (Fed. Cir. 1990). Here, Plaintiff relies on the Military Disability Retirement Statute, 10 U.S.C. § 1201, and the Military Pay Act, 37 U.S.C. § 204(a).

Pursuant to 28 U.S.C. § 2501, "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." Thus, a cause of action for military disability retirement pay claims accrues when "the first statutorily authorized board . . . hears or refuses to hear the claim." *Van Allen v. United States*, 66 Fed. Cl. 294, 297 (2005) (quoting *Real v. United States*, 906 F.2d 1557, 1560 (Fed. Cir. 1990)). Typically, this would be a retiring board who sees the plaintiff prior to discharge. *See id.* Additionally, the United States Court of Appeals for the Federal Circuit expressly rejected the notion that "a servicemember's claim accrues when he learns of his disabling condition, whether before or after discharge." *Chambers v. United States*, 417 F.3d 1218, 1226 (Fed. Cir. 2005) (discussing the scope of the holding in *Real v. United States*, 906 F.2d 1557 (Fed. Cir. 1990)). Further, a cause of action for back pay accrues "at the time of the plaintiff's discharge." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003). Finally, the Tucker Act, "[t]o provide an entire remedy and to complete the relief afforded by the judgment," grants the court discretionary authority to "issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and correction of applicable records." 28 U.S.C. § 1491(a)(2). However, this limited authority may only be exercised "as an incident of and collateral to" a monetary judgment. *See id.*

3

The Court recognizes that Plaintiff is proceeding *pro se* and cannot be "expected to frame issues with the precision of a common law pleading." *Roche v. United States Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Thus, when a complaint is filed *pro se*, the Court holds the pleadings of such plaintiffs to "less stringent standards than formal pleadings drafted by lawyers" and liberally construes those pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, cannot extend this leniency to relieve plaintiffs of their jurisdictional burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Knight v. United States*, 65 Fed. App'x 286, 289 (Fed. Cir. 2003); *Kelley v. Sec'y, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all undisputed factual allegations and construe all reasonable inferences in favor of the plaintiff; however, if jurisdiction is found to be lacking, this Court must dismiss the action. RCFC 12(h)(3); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982).

The United States Supreme Court noted that the Court of Federal Claims limitation statute has long been interpreted as a "more absolute" limitations period. *See John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008). These types of limitation statutes "seek not so much to protect a defendant's case-specific interest in timeliness as to achieve a broader system-related goal, such as facilitating the administration of claims, limiting the scope of governmental waiver of sovereign immunity, or promoting judicial efficiency." *Id.* at 133 (citations omitted). As such, the six-year statute of limitations is not susceptible to equitable tolling. *Id.* at 133-34.

## III. Discussion

Plaintiff argues that, based on the 2011 medical opinion finding him 100% disabled from bipolar disorder, he is entitled to full disability retirement benefits, removal of offences and punishments from his military record, reinstatement to the rank of Lance Corporal, back pay associated with reinstatement, and correction of his discharge paperwork to reflect full disability. Given the nature of these claims, this Court will first address Plaintiff's military disability retirement benefits claim and back pay claim.

Regarding Plaintiff's military disability retirement benefits claim, this cause of action accrued when he met with the Physical Examination Board in 1997. This was the first board authorized to hear Plaintiff's claim. Thus, the statute of limitations for this claim began running after this examination and expired six years later in 2003. Similarly, Plaintiff's back pay claim accrued when he was discharged in 1997. After discharge, the statute of limitations for the Plaintiff to bring this claim began running and expired six years later in 2003. Accordingly, the running of the statute of limitations has taken these claims outside the Court's jurisdiction and they must be dismissed.

With respect to Plaintiff's remaining claims regarding removal of offenses and punishments from his record, reinstatement of rank, and correction of discharge paperwork, the Court does not have authority to provide relief. The Court may only

4

provide this type of relief "as an incident of and collateral to any [monetary] judgment." 28 U.S.C. § 1491(a)(2). Here, Plaintiff's monetary relief claims are time-barred. That being the case, the Court has no authority to provide the requested non-monetary relief because this type of relief may only be granted in addition to a monetary judgment.

Finally, with respect to Plaintiff's Motion to Expand Time and Motion to Supplement the Record, these motion are now moot in light of the holdings today. Although the Court is sympathetic to Plaintiff's bi-polar disorder, the Court is precluded from providing relief after the applicable statute of limitations has run. The Federal Circuit has rejected the argument that a claim for military disability retirement benefits accrues when "a servicemember's . . . learns of his disabling condition, whether before or after discharge." *Chambers v. United States*, 417 F.3d 1218, 1226 (Fed. Cir. 2005). The Court need not address the Government's alternative motion for Judgment on the Administrative Record in light of this order.

### IV.   Conclusion

For the reasons set forth above, the Government's motion to dismiss is hereby **GRANTED**. The Clerk is directed to enter judgment accordingly.

EDWARD J. DAMICH
Senior Judge